UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE WILLEMSEN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>NCO FINANCIAL SYSTEMS, INC., GE CAPITAL RETAIL BANK, and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

Plaintiff DENISE WILLEMSEN (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus Law, LLC, against Defendants NCO FINANCIAL SYSTEMS, INC, GE CAPITAL RETAIL BANK (hereinafter "Defendants") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking

1

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, NCO Financial Systems, Inc., (herein after referred to as "NCO") is a collection agency with its principal office located at 4740 Baxter Road, Virginia Beach, VA 23462.

8. Defendant, GE Capital Retail Bank (herein after referred to as "GE") is a banking institution with a business mailing address of PO Box 965022, Orlando, FL 32896-5022.

9. The Defendants are "debt collectors," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

2

- All New Jersey consumers who received a collection letter from the Defendants attempting to collect an obligation owed to or allegedly owed to GE Capital Retail Bank, that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A** and **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
    - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        a.  Whether Defendant violated various provisions of the FDCPA;

        b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

        c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

        so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Upon information and belief, Defendants began collecting an alleged consumer debt from the Plaintiff.

15. Upon information and belief, and better known to the Defendants, the Defendants began their collection efforts and campaign of communications with the Plaintiff by mailing the Plaintiff a letter dated January 29, 2014 with a return address to Defendant, NCO at PO Box 17218, Dept. 806, Wilmington, DE 19850. (See Exhibit A).

16. Said letter states in part the total balance owed in part to the creditor, GE Capital Retail Bank (GE) regarding a Walmart credit card account ending "5905" is $865.00.

17. Within thirty days of the first letter, the Plaintiff received a letter dated February 27, 2014 from Defendant GE, with a return address at PO Box 965022, Orlando, FL 32896-5022. (See Exhibit B)

18. Said letter stated in part:

>  Walmart Credit Card
>  Account Number Ending In: 5905
>  Amount Due as of February 27, 2014: $183.00

19. The letters clearly confused the Plaintiff as to the amount allegedly due.

20. Said letter further makes false threats and overshadows NCO's thirty day validation by stating:

"If we do not receive a payment of $26.00 by your due date your account will charge off. We will consider all options permitted by applicable law to pursue collection of this debt. This will result in one of the following actions:

- **We may file a lawsuit against you**
- **If we retain an attorney, you may be liable for additional fees under your state law.**
- **Your account may be sold to a third party for collection, or**
- **A collection agency will continue efforts to secure the debt owed.**

Contact NCO Financial System etc . . . .

21. Upon information and belief, the February 27, 2014 was sent with permission and upon the instructions of NCO, thereby making GE CAPITAL an agent of NCO and a debt collector under USC 1692(a)6.

22. NCO, by allowing GE CAPTIAL to use its name in the dunning February 27, 2014 letter, failed to ensure that the letter complied with all provisions under the FDCPA.

## CLAIMS FOR RELIEF AGAINST NCO FINANCIAL

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were

6

set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

25. Pursuant to 15 U.S.C. §1692e, a debt collector is prohibited from using false, deceptive, or misleading representation in connection with the collection of a debt.

26. Defendants violated said section by:

   a. Stating in one letter that the amount owed is $865.00 and on the subsequent letter that the amount owed is $183.00, whereby confusing the least sophisticated consumer.

   b. Failing to ensure that GE's letter which directs consumers to contact NCO, and thus was sent with the approval of NCO, complies with the FDCPA.

27. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692f.

30. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect a debt, including attempting to collect more than what is owed.

31. Defendant violated said section by attempting to collect $865.00 on a $183.00 debt.

32. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

35. Pursuant to 15 USC §1692g, a debt collector may not overshadow, obscure, or diminish the consumers right to dispute or validate the alleged debt.

36. The Defendant NCO violated said section when GE's February 27, 2014 overshadowed Plaintiff's validation rights by demanding payment and threatening Plaintiff if payment is not made within Plaintiff's thirty days to dispute the alleged debt.

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

8

conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

### CLAIMS FOR RELIEF AGAINST GE CAPITAL
### COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

40. GE violated said section by demanding payment within the thirty day period and making threats if payment is not made.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq., as Class Counsel;

9

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (e)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 25, 2014

/s/ Ari H. Marcus
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 660-8169 telephone
(732) 298-6256 facsimile
ari@marcuslawnj.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Ari H. Marcus
Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Macus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 25, 2014

/s/ *Ari H. Marcus*
Ari Marcus, Esq.